UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE CARLOS GOMES,

    Plaintiff,

v.

    CASE NO.:

AMAZING BRICK PAVERS, LLC, and
ALESSANDRA E. MELAO,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE CARLOS GOMES ("Gomes" or "Plaintiff"), by and through his undersigned counsel, hereby files suit against Defendants, AMAZING BRICK PAVERS, LLC, ("ABP"), a Florida Limited Liability Company, and ALESSANDRA E. MELAO ("Melao"), an individual (collectively "Defendants").  In support thereof, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. This is an action to recover unpaid minimum wages and unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, et seq., as amended ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA").

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S. Code § 1331. This Court also has supplemental jurisdiction over the state court claim pursuant to 28 U.S.C. § 1367, as that claim is so related to the federal claims in this action that they form part of the same case or controversy.

3. Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida because the unlawful employment practices were committed in Orlando,

Orange County, Florida, and because the Defendants operate and do business in Orlando, Orange County, Florida.

## STATEMENT OF THE PARTIES

4. Plaintiff Gomes is an individual residing in Orlando, Orange County, Florida. At all times relevant to this action, Gomes was an employee of the Defendants, as defined under 29 U.S.C. §203(e)(1) of the FLSA and §448.101 of the FMWA.

5. Defendant ABP is a Florida Limited Liability Company, with its principal place of business in Orlando, Orange County, Florida. At all times material to this action, ABP maintained its offices in Orlando, Orange County, Florida, and regularly transacted interstate business within Orange County, Florida.

6. At all times relevant to this action, ABP was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(4) and 203(s).

7. Defendant Alessandra E. Melao is an individual residing in Orlando, Orange County, Florida. At all times material to this action, Melao was an Owner/Manager of ABP and, as such, exercises control over significant aspects of the company's day-to-day functions, including compensation of employees and the compensation of Plaintiff.

8. Defendants are employers within the meaning of 29 U.S.C. §203(d) of the FLSA and §448.101 of the FMWA. At all material times, Defendant ABP and Defendant Melao (as its owner) were "engaged in interstate commerce" and, upon information and belief, had annual sales of $500,000 or more.

9. Plaintiff's damages exceed $75,000, exclusive of interest, attorneys' fees and costs.

## STATEMENT OF FACTS

1. Gomes began his employment with ABP on or about February 5, 2020, working as an installer at residential and commercial locations assigned by ABP and Melao. Gomes was an employee of the Defendants and not an independent contractor.

2. At all times material to his employment, Plaintiff's day-to-day activities were supervised and controlled by Melao, who set his schedule and directed him to be at certain work sites at specific times and for a specified purpose. Melao further supervised Plaintiff's work and made decisions regarding Plaintiff's compensation on a consistent basis. As such, Plaintiff's work was always directed and controlled by ABP and its Owner/Manager, Melao. Gomes also utilized ABP's tools and drove an ABP-owned vehicle to the work sites.

3. Gomes' primary duties did not include the management or supervision of any employees and he did not perform any managerial tasks.

4. Gomes' primary duties did not include the performance of office or non-manual work directly related to the management or general business operations of ABP and its customers.

5. Gomes' primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

6. Gomes' job did not require the use of advanced knowledge or the engagement in artistic or creative endeavors. Gomes' position did not require advanced knowledge in a field of science or learning, that must be customarily acquired by a prolonged course of specialized intellectual instruction.

7. At the beginning of his employment, Gomes was paid for a ten-hour day at a rate of $170.00 per day, making his hourly rate of pay $17.00 per hour.

8. However, Gomes frequently worked in excess of seventy (70) hours per week, including weekends, although he was only paid $170.00 per day for certain days.

9. Gomes was entitled, under the FLSA to receive a rate of $25.50 per hour for all hours worked over forty (40) in a workweek.

10. Beginning in August 2020, Gomes was informed by Defendants that he would no longer be required to work in excess of ten hours per day and that, consequently, he would not be paid for any time worked in excess of ten hours per day.

11. Despite Defendants' representations, Gomes was still required to work in excess of seventy (70) hours per week in order to complete the work assigned and required by Melao and ABP. Gomes was never paid for those excess hours he worked.

12. Gomes was often paid in cash and Defendants failed to maintain accurate records regarding the number of hours Gomes worked or the amount he was paid.

13. Gomes complained numerous times to Melao and other ABP management that he was not being paid for the hours he had worked. Despite his complaints, the situation was not corrected, and Gomes was not paid at all for many of the hours he worked beginning in August 2020.

14. After Gomes complained about these FLSA and FMWA violations, and no action was taken to correct these violations, Gomes was forced to resign on or about February 2, 2021.

15. Gomes' constructive discharge was the direct result of being required to work excessive hours and not being paid what he was owed, including not only minimum wages but also overtime.

16. As a result of Defendants' violations of the FLSA and the FMWA, Gomes has suffered a loss of wages, liquidated damages and attorneys' fees and costs associated with this action.

## COUNT I
## Unpaid Overtime in Violation of the FLSA
(Defendants Melao and APB)

17. Plaintiff incorporates by reference each of the allegations set forth in the foregoing paragraphs as if fully set out herein.

18. Gomes is entitled to recover unpaid overtime compensation owed to him pursuant to 29 U.S.C. §201 of the FLSA. Section 7(a) of the FLSA requires overtime pay at a rate of not less than one and one-half times an employee's regular rate of pay after an employee exceeds forty (40) hours of work in a workweek.

19. Based on his hourly rate of pay of $17.00, Gomes was entitled to receive a rate of $25.50 per hour for all hours worked over forty (40) in a workweek during his employment. None of the exemptions set forth in the FLSA regarding the payment of overtime are applicable to Plaintiff.

20. Gomes was not paid overtime compensation by the Defendants in an amount equal to one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

21. As a direct and proximate result of the Defendants' failure to pay overtime compensation, Gomes has been damaged in the loss of wages due.

22. Also as a result of Defendants' actions, Gomes was required to engage the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

23. The Defendants' failure to pay overtime was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, Gomes is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the entry of judgment against Defendants for overtime compensation, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper, and equitable.

## COUNT II
### Unpaid Minimum Wage in Violation of the FLSA
(Defendants Melao and APB)

24. Plaintiff incorporates by reference each of the allegations set forth in the foregoing paragraphs as if fully set out herein.

25. Defendants were required to pay Plaintiff a minimum wage of $8.65 an hour for each hour worked during his employment with the Defendants, pursuant to 29 U.S.C. §206 of the FLSA and Florida law.

26. Between August 2020 and his forced resignation on February 2, 2021, Gomes was not paid at all for any of

27. the hours he worked in excess of ten hours per day. Plaintiff worked in excess of seventy hours per week most weeks and was not paid at all for many of his hours worked.

28. As a direct and proximate result of the Defendants' failure to pay minimum wages for hours worked, Gomes has been damaged in the loss of wages due.

29. As a result of Defendants' actions, Gomes was required to engage the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

30. The Defendants' failure to pay minimum wages for all hours worked was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, Gomes is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the entry of judgment against Defendants for minimum wage compensation, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper, and equitable.

## COUNT III
### Unpaid Minimum Wage in Violation of the FMWA
(Defendants Melao and APB)

31. Plaintiff incorporates by reference each of the allegations set forth in the foregoing paragraphs as if fully set out herein.

32. Defendants were required to pay Plaintiff the current minimum wage for the state of Florida, for each hour worked during his employment with the Defendants, pursuant to §448.110 of the FMWA.

33. Between August 2020 and his forced resignation on February 2, 2021, Gomes was not paid for all of the hours he worked in excess of ten hours per day.

34. As a direct and proximate result of the Defendants' failure to pay minimum wages for hours worked, Gomes has been damaged in the loss of wages due.

35. As a result of Defendants' actions, Gomes was required to engage the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

36. The Defendants' failure to pay minimum wages for all hours worked was deliberate, willful, without good faith or any legal justification, and is a violation of the FMWA. Consequently, Gomes is entitled to liquidated damages.

37. WHEREFORE, Plaintiff respectfully prays for the entry of judgment against Defendants for minimum wage compensation, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper, and equitable.

## COUNT IV – UNPAID WAGES UNDER FLORIDA STATUTE 448.08

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Unpaid overtime wages;

B. An additional equal amount equal to the unpaid overtime wages as liquidated damages;

C. Unpaid minimum wages;

D. Prejudgment interest in the event liquidated damages are not awarded;

E. A reasonable attorney's fee and costs; and,

F. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial of all claims so triable.

Dated: July 16, 2021.

Respectfully submitted,

**BURRUEZO & BURRUEZO, PLLC**

<u>/s/ Deborah E. Frimmel, Esq.</u>
**DEBORAH E. FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
911 Outer Road
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Attorney for Plaintiff, JOSE CARLOS GOMES

4813-1287-2433, v. 1